

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-24-00271-CV

IN THE INTEREST OF S.G., J.R., AND J.R. CHILDREN

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. DC-2021-FM-0906, Honorable John J. "Trey" McClendon III, Presiding

October 18, 2024

ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, N.G., proceeding pro se, appeals from the trial court's order terminating her parental rights to her children in a suit brought by the Department of Family and Protective Services.[1] We remand the cause to the trial court for further proceedings.

**Background**

This parental-termination matter was referred to and heard by the Honorable Associate Judge Kelley Tesch in July and August of 2023. *See* TEX. FAM. CODE ANN.

_____

[1] To protect the privacy of the parties involved, we refer to them by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b).

§§ 201.201–.209.  N.G. was represented by counsel during the proceedings.[2]  After the final hearing, N.G. timely requested a de novo hearing.  *See id.* at §§ 201.015, 201.2042.  On October 4, 2023, Judge Tesch issued an order terminating N.G.'s parental rights to S.G. and J.R.  At some point thereafter, N.G. filed an affidavit of indigence and an application for appointed counsel.[3]  By order of April 9, 2024, Judge Tesch denied N.G.'s request for appointment of counsel, finding that N.G.'s "application does not establish indigence."

The referring court, the Honorable John J. McClendon III, conducted a de novo review of the proceedings in July of 2024.  Although the record does not include an order allowing N.G.'s counsel to withdraw, N.G. appeared pro se at the de novo hearing.  On July 25, 2024, Judge McClendon issued an order terminating N.G.'s parental rights to S.G., J.R., and J.R.  This appeal followed.

Sealed Clerk's Record

On September 11, 2024, after the appeal was pending, Judge Tesch signed an order sealing the clerk's record.  The *Order Restricting Public Access to Court Records* states that "[t]he documents in this case shall not be opened or released, unless specifically permitted and ordered by [the trial court]."  The order provides N.G. with limited access to the record, stating that " . . . the parties [and] their attorneys . . . shall have continued access [to the documents] until such time as the adoption is

---

[2] The record does not reflect whether N.G.'s counsel was retained or appointed.

[3] Neither filing was included in the clerk's record.  However, both filings were referred to in the *Order Denying Application for Appointed Counsel*.

2

consummated or until the case is disposed of and the Department is dismissed from the case." It also states that ". . . Respondent Parents . . . shall have access [to the documents] for 45 days from the date of the Order of Termination."

Because the Court is unable to determine what effect the *Order Restricting Public Access to Court Records* has on N.G.'s ability to use the clerk's record on appeal, we abate the appeal and remand the cause to the trial court to enter findings of fact and conclusions of law concerning the following inquiries:

(1)     what specific, serious, and substantial interest was clearly outweighed by (a) the presumption of openness of court records to the general public and (b) any probable adverse effect that sealing the records would have upon the general public health or safety;

(2)     whether there was any less restrictive means of sealing court records that would adequately and effectively protect the specific interest asserted;

(3)     to what extent the sealing order permits N.G. and the Department access to the clerk's record for purposes of appeal; and

(4)     whether there was any less restrictive means of protecting the confidentiality of the children without depriving N.G. of her due process rights to proceed with an appeal from the order of termination.

The Reporter's Record and N.G.'s Indigence Claim

The appellate record was due September 30, 2024. The clerk's record has been filed, but the reporter's record remains outstanding. By letter of October 4, 2024, we directed N.G. to request preparation and make any necessary payment arrangements for the reporter's record. N.G. has since notified this Court that she is unable to afford payment for preparation of the reporter's record, has previously filed a statement of

inability to afford payment of court costs in the trial court, and has made several attempts to procure the record from the court reporter.

Given that N.G. has claimed an inability to afford costs and is unrepresented in this appeal, on remand the trial court shall also determine whether N.G. is indigent and entitled to appointed appellate counsel. *See* TEX. FAM. CODE ANN. § 107.013; *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003) (explaining that "[i]n Texas, there is a statutory right to counsel for indigent persons in parental-rights termination cases."). The trial court shall utilize whatever means it finds necessary to determine the following:

(1)     whether N.G.'s financial circumstances have materially changed since issuance of the *Order Denying Application for Appointed Attorney*;

(2)     whether N.G. is presently indigent and entitled to appointed appellate counsel; and

(3)     whether N.G. is entitled to have the appellate record furnished without charge.[4]

If the trial court determines that appellate counsel should be appointed, the name, address, email address, telephone number, and state bar number of newly-appointed counsel shall be provided in an order of the court.

---

[4] Prior to any hearing to determine appellant's indigence, the trial court may require appellant to file an affidavit of indigence in accordance with Rule of Civil Procedure 145(b). *See* TEX. FAM. CODE ANN. § 107.013(d); *see also In re B.C.*, 592 S.W.3d 133, 137 (Tex. 2019) (per curiam) ("Parents face a complex and nuanced family-law system that is challenging to navigate without the guidance of counsel. Considering the importance of the fundamental rights at issue, the Legislature has adopted important safeguards . . . to help ensure parents will not be deprived of their parental rights without due process of law. . . . the statutory framework mandates that courts repeatedly inform unrepresented parents about their statutory rights so they will have an adequate opportunity to understand and invoke those rights.").

The trial court shall execute findings of fact, conclusions of law, and any necessary orders addressing the foregoing subjects. The trial court shall also cause to be developed (1) a supplemental clerk's record containing the findings of fact, conclusions of law, and any necessary orders, and (2) a reporter's record transcribing the evidence and argument presented at any hearing held. Due to the time-sensitive nature of an appeal from a parental-rights termination order, the trial court shall cause the hearing record to be filed with the Clerk of this Court on or before November 8, 2024. *See* TEX. R. JUD. ADMIN. 6.2(a).

It is so ordered.

Per Curiam